Lane, C. J.
The declaration contains several counts in debt. The plea is the statute of limitation of fifteen years.
*170 The plaintiff implies, that when the cause of action accrued, Samuel Carey resided in the State of New York; that he died in 1834, never having been in this state; that this suit is brought within fifteen years from his death. The defendant demurs.
The last installment of the instrument on which the action was brought, fell due in 1821, so that the statute of limitations at that time in force was the act of 1810. 1 Chase’s Stat. 655; 7 Ohio, 123, pt. 2.
*Tho question, therefore, is, whether the saving in the Btatutb of limitations of 1810, of a right of action to a non-resident of this state, is terminated by his death, or whether it survives to his heirs for the period originally limited.
The case of Whitney’s Lessee v. Webb and Westenhaven, 10 Ohio, 513, seems fatal to this right in the heirs. That case arose under tho act of 1804 (1 Chase’s Stat. 393), tho terms of which are similar to the act of 1810. The right of action was saved until the death of the ancestor, in April, 1819, and the suit was brought in November, 1839. The time limited is twenty years. The question, then, presented by that record, was not whether the heir of a nonresident could bring his action at any time within twenty years after tho death of the person in whose iavor the right accrued, for that time had elapsed before suit, but it was whether the protection of the heir could be coupled with the protection of the ancestor’s right of action ; so that the statute did not begin to run until tho pei’son having the right to prosecute should arrive within this state. It was neither more nor less than the old question of supervenient disabilities, and was discussed and decided on no other principles.
But the judge who reported that case extends his reasoning beyond this, and regards the right of action absolutely lost by the death of tho ancestor, occurring after the period limited lor tho statute to tako effect. With entire respect for oar late associate, we feel constrained to examine the soundness of his opinion in a case which depends upon the precise point.
The object of statutes of limitation is to provide a time within which suits may be brought. One of tho first principles is, that whero the statute begins to run, it continues to run without interruption irom any subsequent disability, unless produced by tho act of the defendant.
The proviso in section 2 confers privileges upon “ minors, insane, *171 femes covert, imprisoned, and beyond seas.” As to them, tho statute does not begin to operate until the cause for protection ceases; and it authorizes bringing the suit at anytime afterward, within the time originally before limited. *The causes which prevent the running of the statute are called in it “ disability; ” and when they cease to exist, as by the majority of a minor, or the diseoverture of a feme, then the statute does its perfect work, by requiring the action to be prosecuted by him who holds the right, within the “times limited.” Tho rights of non-residents are created and controlled by the same word, in the same sentence, and must receive the same construction. They suspend the operation of the statute in favor of him who holds the right of action when it ac crues; but when such person ceases to hold it, the effect of tho proviso ceases, the statute begins to run, and the suit must be com • menced within the time it prescribes.
This construction of the statute gives effect to all its words, and conflicts with no previous decisions, and seems conformable to its general objects. It does not permit one “ disability” to be connected with another, of either the same or a different kind, but it secures the right of pursuing a cause of action after the first privilege has expired, or the first disability has been exhausted.
Demurrer overruled.